Argued March 4; reversed March 18, 1930

# STATE *v.* LA JESSE

(286 P. 149)

*Frank E. Swope* of Portland (Powers & Swope of Portland on the brief) for appellant.

*Frank P. Leinenweber* of Astoria (Francis Franciscovich of Astoria on the brief) for the State.

McBRIDE, J. ▇▇ The defendant assigns as error in this case the admission of the testimony of the sheriff, and we think the testimony was inadmissible. There was no testimony by the defendant, in his direct examination, with regard to having whisky on the premises, except that he did not take the whisky to the apartment occupied by Miss Moody and Mrs. Lutrell, and the testimony indicates that it was impossible for Miss Moody to have been occupying the apartment on January 11, 1928, as her testimony shows that she and Mrs. Lutrell had only moved into the apartment on or about the 13th or 14th of March, 1929, ten months subsequent to the date when defendant was alleged by the sheriff to have thrown the flask of whisky into the brush. The testimony had no relation to the particular offense charged here. Its tendency was to indicate a crime, alleged to have been committed nearly a year previous,

namely, the possession of a flask of intoxicating liquor. The defendant can not be convicted by testimony showing that nearly a year previous to the offense charged in the indictment he committed another distinct offense against the law, and that such offense was committed in the vicinity of the premises designated in the testimony introduced by the state. A defendant may be cross-examined in relation to any testimony given by him concerning the crime for which he is charged, but this privilege does not extend to evidence of other distinct offenses not in any way connected with the offense for which he is on trial. The testimony, on direct examination, was to the effect that defendant never at any time took intoxicating liquor to the apartment occupied by the two women, and the testimony offered and received in rebuttal only tended to show that nine or ten months previous he was seen at or about the filling station with a bottle of whisky in his possession, a circumstance entirely outside of and not connected with the crime for which he is charged. The testimony in the case, as presented by the state, was confined almost entirely to the testimony of Miss Moody, and the testimony for the defendant was confined principally to a single sale of liquor to her on the 11th day of March. This is a close case and it was error for the state to lug into it evidence of another alleged offense committed several months previously. It was highly prejudicial and tended to confuse the jury and to leave perhaps in their minds the impression that, if the defendant were lawless enough to commit the first offense, he probably was guilty of the second.

The judgment will be reversed and a new trial directed.

CosHow, C. J., RAND and ROSSMAN, JJ., concur.